### ARCHER v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1911.)

APPEAL AND ERROR (§ 715*)—QUESTIONS REVIEWABLE—RECORD.

An appellate court may deal only with the record presented, and any omission of necessary evidence may not be supplied by an affidavit submitted on motion for reargument; but the party complaining must apply to the court at Special Term for leave to open the case and submit the additional evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2964, 2965; Dec. Dig. § 715.*]

On reargument. Denied.

For former opinion, see 131 N. Y. Supp. 661.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Fred W. Penny, for the motion.
Harvey De Baun, opposed.

PER CURIAM. This is a motion for reargument. The motion papers serve to emphasize the correctness of the position taken by this court upon the decision of the appeal, viz., that upon this record it does not appear that Allison M. Archer had any interest in the real property, acquired and purchased by the executors and trustees under the will of Michael A. Archer, which could be deemed to be subject to the lien of the mortgage for the foreclosure of which this action is brought.

The reference in the opinion to the conditions which might exist if the testator had a lien by way of mortgage upon said property, which mortgage had been foreclosed, was made only for purposes of illustration. Reiterating the statement contained in the opinion:

"There is nothing in the will which in express terms authorizes said executors and trustees to acquire and purchase real property for the benefit of the estate. There is no evidence showing how they acquired the same, or for what particular purpose"

—counsel for respondent, upon this motion, submits an affidavit attempting to show how such property was acquired, and asserts that if, in the original record on appeal, there is lack of such evidence, it is—

"solely because no issue upon this question was raised in the court below, or tried, because the facts, as above stated, were well known to and acquiesced in by all parties."

The pleadings were sufficient to raise the question, and the affidavit submitted in opposition to this motion would indicate that the "facts, as above stated," are not acquiesced in by all parties, and particularly by the parties appellant herein. An appellate court must deal only with the record presented to it, and, if there has been an omission of necessary evidence, such evidence may not be supplied in the form of an affidavit submitted on a motion for a reargument. If respondents are entitled to any relief, it must be by application to the court at

---

Special Term for permission to open the case and submit additional evidence.

The motion for a reargument must be denied, without prejudice to such application.

Motion denied, with $10 costs. ·

---

### SPILA v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   December 8, 1911.)

RAILROADS (§ 328*)—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

> Where a person riding along a highway on a bicycle attempted to pass over railroad tracks at a grade crossing on a cloudy and rainy day, and at a time when his view of the tracks was entirely obscured by a dense smoke from a passing train, he is guilty of contributory negligence as a matter of law.

> [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1057–1070; Dec. Dig. § 328.*]

> Woodward, J., dissenting.

Appeal from Trial Term, Westchester County.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.